UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**PAUL NGUYEN,**<br><br>Defendant. | **Magistrate Judge No. 25-170** |
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**NATHALIE ROSE JONES,**<br><br>Defendant. | **Magistrate Judge No. 25-148** |

### MEMORANDUM OPINION

Earlier this year, the Government initiated separate and unconnected federal criminal proceedings against Paul Nguyen and Nathalie Rose Jones. Prior to securing indictments, however, it moved to dismiss both cases without prejudice. While the Government has not otherwise proceeded against Nguyen, it has now filed an Information in D.C. Superior Court against Jones. Defendants opposed the Government's Motions, arguing that any dismissal should be <u>with</u> prejudice instead, so as to bar any future re-prosecution. Magistrate Judges dismissed both cases without prejudice, referring to this Court the question of final disposition. The Court concludes that Nguyen's case should be dismissed without prejudice and Jones's case with.

1

I.  **Background**

    A.  <u>Nguyen</u>

A criminal Complaint filed on August 24, 2025, alleged that the previous day, Nguyen had assaulted a federal officer in violation of 18 U.S.C. § 111(a).  See <u>United States v. Nguyen</u>, No. 25-mj-170, ECF No. 1 (Nguyen Compl.) at ECF p. 1.  According to the Complaint, two Homeland Security Investigations officers observed Nguyen fighting with other individuals at an intersection and approached the group.  <u>Id.</u>, ECF No. 1-1 (Nguyen Statement of Facts) at ECF p. 1.  When one of the officers attempted to stop him from hitting another person, the Complaint alleged, Nguyen charged at the officer, causing that officer to fall and scrape his knees.  <u>Id.</u>  Nguyen was then arrested.  <u>Id.</u> at p. 2.  Magistrate Judge Michael Harvey initially set a preliminary hearing for September 16.  <u>Id.</u>, Minute Entry of Aug. 26, 2025.  On September 15, however, without ever attempting to indict Nguyen, the Government filed a Motion to Dismiss without Prejudice.  <u>Id.</u>, ECF No. 10 (Gov.'s Nguyen Mot.).  Magistrate Judge Matthew Sharbaugh granted the Motion, <u>id.</u>, ECF No. 12 (Nguyen Order), and Nguyen now seeks dismissal with prejudice to bar the Government from future re-prosecution.  <u>Id.</u>, ECF No. 13 (Nguyen Opp.).

    B.  <u>Jones</u>

On August 16, 2025, Secret Service Agents arrested Jones.  <u>United States v. Jones</u>, 25-mj-148, ECF No. 1-1 (Jones Statement of Facts) at ECF p. 3.  A criminal Complaint filed two days later alleged that between August 2 and August 16, she had posted multiple threats to President Donald Trump on various social-media platforms in violation of 18 U.S.C. § 871(a) (Threats Against President) and 18 U.S.C. § 875(c) (Threatening Interstate Communications).  <u>Id.</u>, ECF No. 1 (Jones Compl.) at ECF p. 1; Jones SOF at ECF pp. 1–3.  The Government sought

2

to indict Jones on these charges, but on August 29, the grand jury returned a no bill. <u>Id.</u>, ECF No. 21 (Jones Opp.) at 1. Rather than attempting to indict her again, the Government filed a Motion to Dismiss the Case Without Prejudice on September 5, twenty days after Jones's initial arrest. <u>Id.</u>, ECF No. 20 (Gov.'s Jones Mot.) at ECF p. 1. It simultaneously initiated criminal proceedings against her in D.C. Superior Court for misdemeanor attempted threats in violation of D.C. Code §§ 407 and 1803. <u>District of Columbia v. Jones</u>, No. 2025 CMD 11096 (D.C. Super. Ct. 2025). The Superior Court Information discussed only social-media posts from August 6 and left out any mention of posts made on the other dates covered in the federal Complaint. <u>Jones</u>, 25-mj-148, ECF No. 26 (Jones Resp.) at 4. Jones then moved to dismiss her federal case with prejudice. <u>See</u> Jones Opp. at 1. On September 8, Magistrate Judge Sharbaugh granted the Government's Motion to Dismiss without Prejudice and reserved ruling on Jones's Motion to Dismiss with Prejudice. <u>Jones</u>, 25-mj-148, ECF No. 25 (Jones Order).

**II.     Analysis**

In both cases, the Government moved to dismiss under Federal Rule of Criminal Procedure 48(a), <u>see</u> Gov.'s Nguyen Mot. at 1; Gov.'s Jones Mot. at 1, which states that prior to trial, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." In general, "[w]hen a prosecutor moves to dismiss an indictment without prejudice, 'there is a strong presumption in favor' of that course." <u>United States v. Trump</u>, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) (quoting <u>United States v. Florian</u>, 765 F. Supp. 2d 32, 34 (D.D.C. 2011)). Even so, courts have interpreted Rule 48(a)'s leave-of-court requirement as imbuing them with a responsibility "to protect a defendant against prosecutorial harassment, <u>e.g.</u>, charging, dismissing, and recharging." <u>Rinaldi v. United States</u>, 434 U.S. 22, 29 n.15 (1977). If a court finds that dismissal without prejudice would result in harassment of the defendant, Rule 48(a)

accordingly empowers the court to dismiss with prejudice instead. See United States v. Poindexter, 719 F. Supp. 6, 10 (D.D.C. 1989).

Functionally, courts in this district have treated Rule 48(a) analyses as a two-part inquiry. First, "[w]hen the prosecutor's discretion is challenged, the prosecutor has the initial burden of explaining" why the Government seeks dismissal. United States v. Madzarac, 678 F. Supp. 3d 42, 46 (D.D.C. 2023) (quoting Florian, 765 F. Supp. 2d at 35). This initial burden is "exceedingly low." Id. Once the Government has met it, dismissal without prejudice is "presumptively valid." Id.

At the second step, the Court determines whether such presumption has been overcome. If it has been — usually because dismissal without prejudice would "result in harassment of the defendant or would otherwise be contrary to the manifest public interest" — a court may "reject" a dismissal without prejudice and order dismissal with prejudice instead. Id. Whether a court dismisses with or without prejudice depends upon the "purpose sought to be achieved by the government and its effect on the accused." United States v. Pitts, 331 F.R.D. 199, 203 (D.D.C. 2019) (quoting Poindexter, 719 F. Supp. at 10). For example, the Government cannot use dismissal to "gain a position of advantage, or to escape from a position of less advantage in which it found itself as a result of its own election." Madzarac, 678 F. Supp. 3d at 46–47 (quoting Poindexter, 719 F. Supp. at 10). Prosecutors also cannot use dismissal without prejudice to harass a defendant by "charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution." United States v. Ammidown, 497 F.2d 615, 620 (D.C. Cir. 1973). Courts will additionally consider whether the Government, in moving for dismissal, is acting in good faith, although a lack of bad faith does not necessarily preclude dismissal with prejudice.

4

See Madzarac, 678 F. Supp. 3d at 51–52 (dismissing with prejudice despite showing of good faith by Government).

Both Nguyen and Jones contend that the dismissal of their cases should be with prejudice because any subsequent re-prosecution would constitute harassment. See Nguyen Opp. at 1; Jones Opp. at 1. Keeping in mind the principles underlying Rule 48(a), the Court will consider their requests in turn.

### A. Nguyen

In seeking dismissal without prejudice, the Government has represented to the Court that "it does not intend to move forward with charges against Mr. Nguyen in federal or Superior Court based on current evidence." Nguyen, 25-mj-170, ECF No. 14 (Gov.'s Nguyen Rep.) at 4. It nonetheless opposes a with-prejudice dismissal. Id.

At the first step of the analysis, Nguyen argues that the Government has not provided a reason for why it seeks to dismiss this case. See Nguyen Opp. at 3. The Government's explanation is certainly not detailed, but it did proffer that it had determined that it was not prudent to move forward with the case "based on current evidence." Gov.'s Nguyen Rep. at 4. This is, indeed, a common reason for prosecutors to pursue dismissal. United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n, 228 F. Supp. 483, 486–87 (S.D.N.Y. 1964) (stating that dismissal is proper when prosecutor "is without sufficient evidence to warrant prosecution and sustain a conviction"). Keeping in mind that the initial burden on the Government is meant to be "exceedingly low," Madzarac, 678 F. Supp. 3d at 46, the Court finds that the Government has provided a sufficient explanation. Dismissal without prejudice is thus presumptively warranted unless proven otherwise.

Taking up this challenge, Nguyen first argues that dismissal without prejudice would mean that the threat of prosecution continues to hang over him. See Nguyen. Opp. at 4. But "[t]he mere fact that a dismissal without prejudice leaves the door open to hypothetical future prosecution in this jurisdiction is not tantamount to prosecutorial harassment; were that the case, it is difficult to imagine when dismissal without prejudice would ever be appropriate." Florian, 765 F. Supp. 2d at 36.

Nguyen has not otherwise pointed to circumstances that justify a departure from the default rule here. In his brief, he postulates that the Government may be trying to obtain a tactical advantage in this case by waiting to indict him until after a new (and perhaps more favorably inclined) grand jury has been empaneled. See Nguyen Opp. at 3–4. At this stage, however, that claim of an improper purpose is speculative because Nguyen offers nothing to show that this is the Government's intention. Compare United States v. Johnson, 20 F. Supp. 3d 144, 147–48 (D.D.C. 2013) (finding "no evidence to support a claim of [prosecutorial] bad faith" besides "allegations contained in Defendant's filing"), with Pitts, 331 F.R.D. at 202 (clear presence of improper purpose shown through Government's conduct and representations to court), and United States v. Borges, 153 F. Supp. 3d 216, 220–21 (D.D.C. 2015) (same), and United States v. Salinas, 693 F.2d 348, 352 (5th Cir. 1982) (finding that "statement by the prosecutor raised a clear inference of absence of good faith").

Nguyen next maintains that the fact that the Government filed a criminal Complaint in a case that it knew was too weak to prosecute evinces bad faith. See Nguyen Opp. at 5–6. The Court is certainly not condoning any practice of haphazardly charging first and investigating later, but prosecutors generally retain the discretion to dismiss a case even after initiating criminal proceedings. United States v. Allen, 2025 WL 2897655, at *1 (D.D.C. Oct. 10, 2025).

There may be extreme cases where dismissal with prejudice is appropriate notwithstanding such discretion. For example, in Madzarac, the Government prosecuted a criminal case in this district for two and a half years, despite knowing the entire time that venue was improper in D.C. See 678 F. Supp. 3d at 44–45. When prosecutors finally sought to dismiss the case without prejudice for improper venue just two months before trial, the court held that dismissal with prejudice was warranted because of the Government's "knowing and voluntary choice to continue pursuing the case knowing full well that it would never try the case in this District." Id. Here, however, the Government is declining to press the case at a nascent, pre-indictment stage. This leaves little for the Court to do in this heartland of prosecutorial discretion.

It is true that if the Government does not plan to proceed with this case, there is little, if any, harm done to it by a dismissal with prejudice. The issue with this framing, however, is that courts do not decide whether to dismiss with prejudice by balancing the equities. Instead, dismissal without prejudice is the default, and a court must affirmatively find special circumstances that overcome it. At this point, the Court cannot.

The Court notes that this decision does not strip Nguyen of all protection from possible future harassment. If the Government does decide to re-prosecute, "the question of prosecutorial abuse through possible intimidation and pressure . . . might again be considered, possibly on a more complete factual record." United States v. Fields, 475 F. Supp. 903, 904 (D.D.C. 1979). For example, if the Government returned to prosecute this case using the same evidence, that conduct could undermine its current explanation that existing evidence does not support moving forward with prosecution. Re-prosecution might thus provide the proof needed to support Nguyen's assertions of bad faith and gamesmanship. Cf. Salinas, 693 F.2d at 352 ("It was not until the arraignment on the second indictment that the lack of good faith on the part of the

7

Government first became evident."). In such circumstances, Nguyen could move for reconsideration of this decision. See Fields, 475 F. Supp. at 908 (dismissing first indictment with prejudice after second indictment revealed "inappropriate conduct" by Government, functionally "vitiating the second indictment"); United States v. Derr, 726 F.2d 617, 619 (10th Cir. 1984) (approving district court dismissal of second indictment, "in effect altering the first dismissal to one with prejudice"). Nguyen could also argue that judicial estoppel prevents the Government from re-prosecuting the case because it has already represented to the Court that it does not plan to proceed based on the current evidence. New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding, . . . he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.").

In other words, the Court remains open to the possibility that there may come a time where dismissal with prejudice is warranted in this case. That time, however, has not yet arrived.

B.   Jones

In contrast, Jones faces a situation where the risk of harassment is present and concrete. The Government seeks to dismiss her federal case because it has determined "that prosecution of the matter would be better suited for another venue." Jones, ECF No. 22 (Gov.'s Jones Rep.) at ECF p. 5. Indeed, it has now charged her with misdemeanor attempted threats in D.C. Superior Court. Id. at ECF p. 1 n. 1. As to the first step of the Rule 48(a) inquiry, the Government has sufficiently explained why it has moved to dismiss the case.

On the second step, however, the Court finds that dismissal without prejudice would result in the harassment of Jones because it would allow her to be haled back into federal court in the future. If she were convicted or acquitted in Superior Court for threats made on August 6,

double jeopardy would bar the re-prosecution of that same conduct here in federal court. United States v. Mills, 964 F.2d 1186, 1193 (D.C. Cir. 1992) ("[S]uccessive D.C. and federal prosecutions for the same conduct are subject to the bar on double jeopardy."). This is because attempted threats is a lesser-included offense of threatening the President and transmitting a threat over interstate communications, and courts have generally "treated greater and lesser-included offenses as the same offense for double jeopardy purposes, so a conviction on one normally precludes a later trial on the other." Currier v. Virginia, 585 U.S. 493, 500 (2018). The Court's concern, however, is "not that [Jones] may be prosecuted in one court rather than the other." United States v. Beidleman, 2025 WL 2803850, at *4 (D.D.C. Oct. 1, 2025). It is that the Government could repeatedly cycle between the federal and local courts, "charging, dismissing [before jeopardy has attached], and recharging . . . over [Jones's] objection" and preventing her from asserting her right to a speedy trial and proving her innocence. Id.

The Government has declined to commit to remaining in Superior Court after this dismissal and thus asks to leave open the possibility that it could return to federal court later on. If it does, then Jones will have faced prosecution in District Court, had her federal case dismissed, been charged in Superior Court, had her local case dismissed, and then been brought back to District Court to restart the process from the beginning. The Government certainly has discretion to decide when and where to bring a criminal case. See United States v. Simmons, 2022 WL 1302888, at *11 (D.D.C. May 2, 2022). In Jones's case, it has already exercised that discretion twice: once by choosing to initiate a case here and now by moving to Superior Court. At a certain point, the Government must make up its mind and let a defendant vindicate her rights in the forum that it has chosen. The Court draws the line at two bites at the apple. See Beidleman, 2025 WL 2803850, at *4 (dismissing case with prejudice after Government filed

9

charges in Superior Court to ensure Government cannot return to federal court and "restart [defendant's] prosecution 'for a third time'") (quoting Pitts, 331 F.R.D. at 205). True, the Government has not actually attempted to come back to federal court yet. But it has already initiated the start of a potential back-and-forth by moving the case to Superior Court and expressing a desire to possibly return here, despite not being able to articulate a viable justification for why it may need to return. See Hr'g Tr. at 14:5–17:10. This kind of "charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution" is exactly the type of conduct that Rule 48(a)'s leave-of-court requirement forbids. Ammidown, 497 F.2d at 620. Dismissal with prejudice is thus necessary to protect Jones from harassment.

One additional fact bolsters the need for dismissal with prejudice in this case. Jones's Superior Court Information covers social-media posts made only on August 6, whereas her federal Complaint covers conduct from August 2 to August 16. See Jones Resp. at 4. This means that even if jeopardy eventually attached to her local prosecution, it would bar federal prosecution only of the August 6 threats because the others would constitute separate statutory violations. Alexander v. United States, 418 F.2d 1203, 1204 (D.C. Cir. 1969) ("Each [§ 871] count charged the making of the same threats in the hearing of a different Secret Service agent."); Blount v. Huff, 144 F.2d 21, 22 (D.C. Cir. 1944) (same); United States v. Li, 537 F. Supp. 2d 431, 433–34 (N.D.N.Y. 2008) (treating each threatening call as separate § 875 violation); United States v. Woodruff, 783 F. Supp. 3d 870, 872 (E.D.N.C. 2025) (same). The Government could thus come back and re-prosecute the alleged threats from before and after August 6. This kind of strategic splitting of different counts "must be viewed with suspicion and disfavor, for it clearly lends itself to abuse and is particularly invasive of a defendant's legitimate

expectations." Poindexter, 719 F. Supp. at 12.  As even a local adjudication would not fully protect Jones from back-and-forth harassment, dismissal with prejudice is all the more warranted.

### III.     Conclusion

For the foregoing reasons, the Court concludes that Jones's case, but not Nguyen's case, should be dismissed with prejudice.  Separate Orders so stating will issue this day.

/s/ <i>James E. Boasberg</i><br>
JAMES E. BOASBERG<br>
Chief Judge

Date:  November 4, 2025